JAMES D. PERKINS, WSBA #12996
Attorney for the United States Trustee
United States Dept. of Justice
920 West Riverside, Room 593
Spokane, WA 99201
Telephone (509) 353-2999
Fax (509) 353-3124

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re:<br><br>Columbia Manufacturing, Inc.<br><br><br>Debtor | Case No. 16-00898-FPC11<br><br>UNITED STATES TRUSTEE'S OBJECTION TO MOTION FOR JOINT ADMINISTRATION |

The United States Trustee objects to the Motion for Order Permitting Joint Administration (the "Motion for Joint Administration") filed by Debtor on March 21, 2016 as Docket #2 on the following grounds:

1. There have been no schedules and very little other substantive information about the financial assets, liabilities, or other financial activities of the Debtor or of the two related companies with which the Debtor seeks joint administration filed with the Court. In the absence of that information it is impossible for the United States Trustee or the creditors of any of these corporations to determine the extent to which there may be conflicts between either these three creditors or their creditors. However, the list of 20 largest unsecured creditors filed by each of these 3 debtors

indicates that there is substantial differentiation of the creditors for each with only limited common creditors, except for the one large unsecured creditor in each case. In addition, the fact that it appears that all product sales through Eagle Eye Produce may have been transacted through debtor Wahluke Produce raises the possibility that there may be as yet unidentified claims between the Debtor and debtor Wahluke Produce related to those sales.

2. Any time cases are jointly administered there is substantial potential for creditors to be confused about the applicability of notices, motions, plans, disclosure statements, and other information they receive. Such confusion can lead to the failure of creditors to understand what actions they need to take to protect their rights. This is particularly true when the cases being administered do not have largely overlapping creditor groups, which appears may be the case here. While joint administration may make administering the case easier for the Debtor and for major creditors who have counsel and are interested in all of the jointly administered cases, the risk of prejudice to other creditors is substantial.

3. The Motion for Joint Administration does not ask the Court for authorization for the Debtor and the two related corporations to intermingle their money and finances either between themselves or with other related entities. If the Court grants the Motion for Joint Administration, the United States Trustee asks the Court to specify in the Order that no such intermingling of money or finances is permitted.

The United States Trustee reserves the right to amend its objection to include any issues raised by any information subsequently provided to the United States Trustee.

United States Trustee's Objection

For all of the foregoing reasons, the United States Trustee objects to and asks the Court to deny approval of the Motion for Joint Administration. The United States Trustee requests a hearing on this objection.

Dated: March 23, 2016

                                                Respectfully submitted,

                                                GAIL BREHM GEIGER
                                                Acting United States Trustee

                                                */S/ James D. Perkins*
                                                JAMES D. PERKINS
                                                Attorney for the United States Trustee